IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RHONDA HALL**                                                                                               **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:19-CV-180-TBM-JCG**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the claimant Rhonda Hall seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for Social Security disability benefits and supplemental security income. The Commissioner found that Hall was not disabled, as defined by the Social Security Act, despite her severe impairments of disorders of the lumbar spine with neuropathy, obesity, depression, and anxiety. The Administrative Law Judge (ALJ) determined that Hall was unable to perform her past relevant work as a secretary or insurance salesperson. However, he concluded that work exists in the national economy that Hall could perform. Hall has filed a Motion for Summary Judgment and a Brief in Support. ECF Nos. 9 & 10. The Commissioner has filed a Motion to Affirm and a Brief in Support. ECF Nos. 11 & 12. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that Hall's Motion for Summary Judgment be denied, the Commissioner's Motion to Affirm be granted, and the case affirmed.

## I. Background

A. <u>Procedural Background</u>

Hall was 49 years old on May 10, 2016, her alleged onset date. She filed a Title II application for a period of disability and disability insurance benefits on May 10, 2016 and a Title XVI application for supplemental security income on July 22, 2016. Hall's last date insured for purposes of her Title II application is December 31, 2021. Hall's claims were initially denied on November 18, 2016 and upon reconsideration on December 15, 2016. Hall filed her request for a hearing before an ALJ on December 28, 2016. The ALJ heard Hall's case in Hattiesburg, Mississippi on May 16, 2018. The ALJ heard testimony from Hall as well as from a vocational expert (VE). The ALJ issued a decision unfavorable to Hall on December 7, 2018. ECF No. 8 at 22-31.

B. <u>The ALJ's Findings</u>

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. See 20 C.F.R § 404.1520. The burden of proving disability rests upon the claimant throughout the first four steps of this process, and if the claimant is successful in sustaining her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §

404.1520(c). At step three, the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 of Subpart P to 20 C.F.R. pt. 404. 20 C.F.R. § 404.1520(d). Accordingly, if a claimant's impairments meet the requisite criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. § 404.1525.

Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and/or mental demands of her past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner at step five to prove, considering the claimant's residual functional capacity (RFC), age, education, and past work experience, that she is capable of performing other work. 20 C.F.R. § 404.1520(g)(1). If the Commissioner proves other work that the claimant can perform exists (in significant numbers in the national economy), the claimant is given the chance to prove that she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

In the instant case, the ALJ found at step one that Hall had not engaged in substantial gainful activity since May 10, 2016, the alleged onset date. ECF No. 8 at 24. At step two, the ALJ found that Hall has severe impairments of disorders of the lumbar spine with neuropathy, obesity, depression, and anxiety. *Id.* At step three, the ALJ determined that Hall did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. § 404. *Id.* at 25.

Next, the ALJ determined that Hall has the RFC to:

> lift, carry, push, or pull 20 lbs. occasionally and 10 lbs. frequently; to stand or walk for 6 hours of an 8-hour workday for 30 minutes at a time; and to sit for 6 hours of an 8-hour day for 30 minutes at a time. The claimant must be allowed to alternate between the aforementioned standing and sitting parameters during the course of an 8-hour workday. The claimant cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, crouch, balance, stoop, kneel, or crawl; can have no exposure to extreme heat or cold or concentrated dust, fumes, smoke or strong odors; and cannot work at heights or around hazardous machinery. The claimant is limited to routine and repetitive type work, has no difficulty interacting with others and in receiving supervision, [and] should not undertake timed production work.

*Id.* at 26-27. At step four, the ALJ concluded that Hall could not return to her past relevant work as a secretary or an insurance salesperson. *Id.* at 30. The ALJ moved to step five and found that there are jobs that exist in significant numbers in the national economy that Hall could perform. *Id.* Although the VE testified that an individual of Hall's age, education, work experience, and RFC could work as a ticket seller, with 75,000 jobs in the national economy; a dressing room attendant, with 17,860 jobs in the national economy; or a cashier, with 100,000 jobs in the national economy, the ALJ stated in his opinion that the jobs were ticket seller, drafting room attendant, and cashier. *Compare Id.* at 72, *with Id.* at 30-31.

Hall requested review of the ALJ's decision by the Appeals Council on January 16, 2019. *Id.* at 138. The Appeals Council denied her request for review on September 12, 2019, thereby rending the ALJ's decision the final decision of the Commissioner. *Id.* at 5-7. Having exhausted her administrative remedies, Hall

commenced the present action on November 13, 2019. ECF No. 1.

## II. Standard of Review

Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence "preponderates" against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Harrell*, 862 F.2d at 475).

### III. Discussion

Hall alleges two assignments of error: (1) did the ALJ properly protect her right to counsel at the hearing; and (2) did the ALJ establish the existence of other work that Hall can perform when two of the jobs identified by the VE were inconsistent with Hall's RFC and the ALJ misidentified the third job?

A. Right to Counsel

Hall maintains that the ALJ failed to properly inform her of her right to representation at the hearing; therefore, her waiver of the right to counsel was not knowing or intelligently done. Further, she maintains that she was prejudiced because a representative could have challenged the VE's testimony with respect to the two jobs Hall alleges are inconsistent with her RFC in her second assignment of error.

A "disability claimant has a right to representation in Social Security proceedings, [but] the right to counsel may be waived when the claimant is given sufficient information to enable her to decide intelligently whether to retain counsel or proceed pro se." *Hughes v. Astrue*, 493 Fed. App'x 594, 596 (5th Cir. 2012) (citing *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003)).

In this case, Hall received various documents that discussed her right to counsel. For example, the November 18, 2016 Notice of Disapproved Claim stated:

> [y]ou can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal. . . . If you hire someone, we must approve

> the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25% of any past due Social Security benefits to pay toward the fee.

ECF No. 8 at 122. Hall's December 1, 2016 Request for Reconsideration also stated: "I understand I have the right to be represented at the reconsideration." *Id.* at 128. Her December 28, 2016 Request for Hearing by Administrative Law Judge again stated: "I understand I have a right to be represented." It also included the following: "if I need representation, the Social Security office or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative." *Id.* at 135. The Hearing Notice, which is dated February 28, 2018, contained the following language: "[y]ou may choose to have a representative help you. . . . Many representatives charge a fee. Some representatives charge a fee only if you receive benefits. Others may represent you for free. Usually, your representative may not charge a fee unless we approve it." *Id.* at 38. Included with this notice was a document titled "Your Right to Representation." It informed Hall that she could have a representative and the representative's fee would need approval. It also provided information about what a representative could do and how to choose a representative. *Id.* at 43-44.

On May 16, 2018, the day of the hearing, Hall signed a Waiver of Right to Representation. By signing this waiver, Hall acknowledged that "I have been advised, and I understand that I have the right to be represented in this proceeding by an attorney or by any other qualified person of my choice." The waiver further acknowledged that she "considered this matter, and have decided to waive my right

7

to such representation, and wish to proceed without a representative." *Id.* at 136. At the hearing, the following exchange occurred:

> ALJ: Now, Ms. Hall, you don't have a representative with you here today and before coming into the hearing room, you had a discussion with the hearing reporter about that.
> CLMT: Yes, sir.
> ALJ: And you decided you want to proceed today without a representative?
> CLMT: That's correct, yes, sir.
> ALJ: All right, and I have this written waiver that's signed by you?
> CLMT: Yes, sir.
> ALJ: All right, then we'll accept this and make it a part of the record.

*Id.* at 52-53.

Hall maintains that despite the written notifications she received prior to the hearing, because the ALJ did not verbally inform her of "the manner in which an attorney can aid in the proceedings; the possibility of obtaining free counsel or a contingency fee arrangement for representation; [or] the limitation of attorney fees and the required approval of such fees by the Commissioner," and because the ALJ did not offer her "the opportunity to postpone her hearing so that she could attempt to secure counsel," her waiver was not knowingly or intelligently done. ECF No. 10 at 6.

The Fifth Circuit has previously held that four written notices advising a claimant of the right to representation, the type of assistance that could be provided, the possibility of free representation or a contingent fee arrangement, that the Social Security Administration would withhold a portion of past due benefits, and organizations that offer free representation, combined with the ALJ

8

reminding the claimant of the notices and confirming that the claimant still wished to represent herself was sufficient for a valid waiver. *Castillo*, 325 F. 3d at 552 n.4. The Louisiana Western District Court has found the following oral exchange, coupled with the written notices, sufficient for a valid waiver:

> ALJ: And I notice that you're not represented by counsel today and I know that you've reviewed the information concerning the Social Security Association's regulations on the right to counsel by an attorney or a non-attorney and that you understand your rights in th[at] regard. I also understand that you—is that correct? That you understand that process?
> CLMT: Yes, sir.
> ALJ: Now I also understand that you made a decision to proceed today without counsel. Is that correct?
> CLMT: Yes, sir.
> ALJ: And that you have reviewed the form and partially completed the form. Do you intend to sign the form indicated that you want to proceed today without counsel?
> CLMT: Yes, sir.
> ALJ: All right. If you'll do so I'll accept that document as evidence. . . .

*McGruder v. Comm'r of Soc. Sec.*, No. 14-cv-01202, 2015 WL 8064197, at *7 (W.D. La. Aug. 31, 2015). The undersigned finds the exchange at the hearing in this case to be sufficiently similar, as the ALJ and Hall acknowledged that she did not have a representative, had discussed it with the hearing reporter before the hearing, wanted to proceed, and had signed the waiver. ECF No. 8 at 52. Further, because Hall has a high school equivalency diploma, this case is distinguishable from *Dale v. Astrue*, upon which Hall relies in her reply brief. ECF No. 13 at 3. The Plaintiff in *Dale* was illiterate. *Dale v. Astrue*, No. 2:11-cv-150-KS-MTP, 2012 WL 2864403, at *6 (S.D. Miss. July 11, 2012). Therefore, the undersigned finds that Hall validly

9

waived her right to representation at the hearing.

B. <u>Existence of Other Work</u>

In her second assignment of error, Hall maintains that the jobs of ticket seller and cashier self-service, as identified by the VE, are inconsistent with a limitation to routine and repetitive work, as they require a reasoning level of 3. She argues that the ALJ did not acknowledge or resolve the conflict. Because of this conflict, she argues that the jobs of ticket seller and cashier cannot be considered as alternative work, and because the ALJ misidentified the last job as drafting room attendant in his opinion, the ALJ did not identify any alternative work that she can perform. Finally, she argues that even if the ALJ's error in misidentifying the job as drafting room attendant can be excused, the job of dressing room attendant is also inconsistent with her RFC. In response, the Commissioner argues that the Vocational Expert Handbook, which Hall relies on, only states that "it could be argued" that a limitation to routine and repetitive work precludes jobs that require a reasoning level of three, and Hall has made no argument that she cannot perform the named jobs. Further, the Commissioner argues that the VE did not identify any inconsistencies and the ALJ may rely on the VE's testimony.

As the Commissioner notes, "this Court follows the majority of this circuit's district courts in holding that an RFC limited to simple, routine, and repetitive tasks is not in apparent or direct conflict with a Level-Three-Reasoning occupation." *Gates v. Berryhill*, No. 3:18-cv-283-DPJ-LRA, 2019 WL 3761148, at *2 (S.D. Miss. Aug. 9, 2019). Hall cites to this Court's 2013 decision in *Jefferson v. Astrue* that

10

supports her argument. No. 2:12-cv-5-KS-MTP, 2013 WL 12323489 (S.D. Miss. Mar. 22, 2013). However, *Gates* specifically addressed this split of authority and ultimately determined that there was not an apparent conflict. *Gates*, 2019 WL 3761148, at *2 (stating that "[t]he undersigned has twice considered the split of authority Gates relies on for this same issue and has twice followed the majority approach"). Therefore, the undersigned finds that there is no apparent conflict in this case.

Because no apparent conflict exists, Hall waived the issue by failing to raise it at the hearing:

> claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000).

Finally, the undersigned finds it is unnecessary to address Hall's arguments concerning the job of drafting or dressing room attendant. Even assuming that job is unavailable, the two jobs of ticket seller and self-service cashier offer 175,000 jobs in the national economy. Therefore, there is sufficient evidence to support the ALJ's findings at step five. *See Lirley v. Barnhart*, 124 Fed. App'x 283, 284 (5th Cir. 2005) (finding that 50,000 jobs in the national economy as a surveillance system monitor constitutes substantial evidence that a claimant is not entitled to benefits).

## IV. Recommendation

Based on the above analysis, the undersigned recommends that Hall's Motion for Summary Judgment be denied, the Commissioner's Motion to Affirm be granted, and the case affirmed.

## V. Notice of the Right to Object

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 5th day of January, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE