IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RHONDA HALL**                                                                       **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:19-CV-180-TBM-JCG**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

This social security appeal is before the Court on the Report and Recommendation [15] entered by United States Magistrate Judge John C. Gargiulo on January 5, 2021. The Plaintiff, Rhonda Hall, appealed the final decision of the Social Security Administration denying her claim for disability benefits and supplemental security income. Judge Gargiulo recommends that the Court deny Hall's Motion for Summary Judgment [9], grant the Commissioner's Motion to Affirm [11], and affirm the Commissioner's final decision. Hall timely filed her Objections [16] to the Report and Recommendation. After due consideration of the Report and Recommendation, Hall's submissions, and the relevant legal authority, the Court finds that Hall's Objections [16] should be overruled and the Report and Recommendation [15] should be adopted as the opinion of this Court.

### I. STANDARD OF REVIEW

This Court must now "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991). Having found that the remainder of the Report (*i.e.*, the portion not objected to) is neither clearly erroneous nor contrary to law, this Order focuses only on the portions to which Hall raised objections. *See* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Hall objects to the Report and Recommendation on two grounds. First, Hall objects to the conclusion that, at step five of the sequential evaluation, no apparent conflict existed between the testimony of the Vocational Expert ("VE") and the Department of Labor's Dictionary of Occupational Titles ("DOT") for the Administrative Law Judge ("ALJ") to identify and resolve. Objection [16] at pg. 3. Second, Hall objects to the related finding that, because no apparent conflict exists, she waived the issue by failing to raise it at the administrative hearing. *Id.* at 5. Hall requests that the Court find she is disabled and entitled to: a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act. *Id.* at 8. In the alternative, Hall requests that this Court vacate the decision of the ALJ and remand to determine whether work exists in significant numbers that she can perform. *Id.* at 8-9. The Court will first address the alleged conflict and will then turn to the waiver issue.

### A. Jobs performed at a "Reasoning Level Three" do not conflict with a limitation to routine or repetitive work

The ALJ assessed that Hall's residual functional capacity ("RFC") permits her to:

> Lift, carry, push, or pull 20 lbs. occasionally and 10 lbs. frequently; to stand or walk for 6 hours of an 8-hour workday for 30 minutes at a time; and to sit for 6 hours of an 8-hour work day for 30 minutes at a time. The claimant must be allowed to alternate between the aforementioned standing and sitting parameters during the course of an 8-hour workday. . . The claimant is limited to routine and repetitive type work, has no difficulty interacting with others and in receiving supervision, should not undertake timed production work.
>
> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p.

Administrative Record [8] at 26-27. During the hearing, the ALJ gave the VE a hypothetical consistent with this finding. *Id.* at pg. 70-71. Based on her experience and expertise, the VE testified that Hall could work as a ticket seller, dressing room attendant, or a cashier. *Id.* at pg. 72. Based on this testimony, however, Hall argues that the Commissioner failed to satisfy his burden at step five. Specifically, Hall argues that the jobs of ticket seller and cashier require level three reasoning,[1] which conflict with her RFC limitation to simple, routine, and repetitive tasks. Objections [16] at pgs. 1-2. Hall also argues that the job of dressing room attendant is inconsistent with her "added restriction to alternate position between sitting and standing every 30 minutes, based upon the description of the jobs contained in the DOT." Objections [16], pg. 3.

Hall claims that the ALJ failed to recognize or resolve "the conflict between the limitations posted in the hypothetical question and the testimony of the vocational witness" in violation of Social Security Ruling 00-4p.[2] Such assertion is unsupported by the record. *Id.* at pg. 3. During the hearing, the ALJ asked the VE whether her testimony was "consistent with the information in the Dictionary of Occupational Titles," and the VE indicated that it was. Administrative Record [8] at 72-73; *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (holding under SSR 00-4P an ALJ should inquire about possible conflicts between the VE's conclusions and the DOT).

---

[1] A level three in reasoning development means that the claimant should be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . [and] [d]eal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles, 4th Ed., APPENDIX C – COMPONENTS OF THE DEFINITION TRAILER, 1991 WL 688702 (G.P.O) (1991).

[2] "Occupational evidence provided by a VE or VS [vocational expert or vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." Social Security Ruling 00-4p, 2000 WL 1898704, *2 (Dec. 4, 2000).

In her Objections [16], Hall failed to cite to any binding authority to support her argument that an apparent conflict exists between a level three reasoning occupation and a RFC limitation to simple, routine, and repetitive tasks.[3] Objections [16] at pgs. 3-4. Moreover, "numerous districts and appellate courts have addressed whether a Reasoning Level of 3 conflicts with a limitation to simple, repetitive and routine tasks." *Ruffin v. Colvin*, No. 3:16-CV-18, 2017 WL 536549, *4 (S.D. Miss. Feb. 8, 2017) (citing *Johnson v. Astrue*, No. 11-3030, 2012 WL 5472418, at *11 (E.D. La. Oct. 5, 2012), *report and recommendation approved*, 2012 WL 5472303 (E.D. La. Nov. 9, 2012) (collecting cases). While "there is a split of authority on this issue, the majority of federal district courts . . . [have] concluded that a job requiring level-three reasoning does not necessarily conflict with an RFC limited to simple and unskilled work." *Thompson v. Astrue*, No. 10-11742-JLT, 2012 WL 787367, at *10 (D. Mass. Feb. 17, 2012) (quoting *Auger v. Astrue*, 792 F. Supp. 2d 92, 96–97 (D. Mass. 2011) (internal quotations omitted)), *report & recommendation adopted*, 2012 WL 787363 (D. Mass. Mar. 8, 2012).

In fact, the Seventh, Eighth, Ninth, and Eleventh Circuits have found no conflict in such cases. *See Hurtado v. Comm'r. of Soc. Sec.*, 425 F. App'x 793, 794–95 (11th Cir. 2011); *Morris v. Comm'r. Soc. Sec. Admin.*, 421 F. App'x 693, 694 (9th Cir. 2011); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007)). The Fourth Circuit has also

---

[3] The cases Hall relies upon in her Objections [16], relate to claimants with limitations to "simple, concrete instructions." Here, however, Hall is not limited to short or simple instructions. Instead, Hall is limited to "routine and repetitive work, has no difficulty interacting with others and in receiving supervision, should not undertake timed production work." Administrative Record [8], pg. 27. Accordingly, the cases Hall cites are distinguishable from the limitation at issue here. *See Keller v. Berryhill*, 754 F. App'x 193 (4th Cir. 2018) (holding that a limitation to "short and simple instructions appears inconsistent with jobs that require a Reasoning Development Level 3."); *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015) (holding that there is an apparent conflict with a limitation to "simple, routine tasks" and the requirements of Level 3 Reasoning); *Martin v. Saul*, No. 5:19-CV-573-FB, 2020 WL 4382133 (W.D. Tex. Jul. 30, 2020) (finding a conflict exists between a limitation to "simple jobs that are not detailed" and a level 3 reasoning ability).

4

specifically "affirmed on the reasoning of the magistrate judge" in two cases. *Marshall v. Barnhart*, No. 01–2211, 2002 WL 32488432, at *10 (D. Md. Sept. 27, 2002), *aff'd*, 63 F. App'x 171 (4th Cir. 2003); *Cottman v. Astrue*, No. BPG–08–1753, 2009 WL 4884506, at *6 n. 5 (D.Md. Dec. 9, 2009), *aff'd*, 400 F. App'x 769 (4th Cir. 2010).

Significantly, nothing in the record or in the ALJ's decision suggests that Hall would be mentally incapable of performing the jobs of ticket seller, cashier, and dressing room attendant. In fact, Hall has made no argument that she cannot perform the jobs identified by the VE. Given the great weight of authority on this issue, and with no evidence to the contrary, the Court finds that Judge Gargiulo correctly concluded that "an RFC limited to simple, routine, and repetitive tasks is not in apparent or direct conflict with a Level-Three-Reasoning occupation." Report and Recommendation [15] at pg. 10 (citing *Gates v. Berryhill*, No. 3:18-CV-283-DPJ, 2019 WL 3761148, at *4-5 (S.D. Miss. Aug. 9, 2019)).

The Court, therefore, agrees with the Report and Recommendation that there is no apparent conflict. Report and Recommendation [15] at pg. 11; *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (holding "[t]o the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, we agree with the majority of the circuits that the ALJ may rely upon the [VE's] testimony provided that the record reflects an adequate basis for doing so."). Hall's objection as to Judge Gargiulo's finding on this issue is overruled.

### B. Hall waived her conflict argument when she failed to cross-examine the VE at the hearing

The Court now turns to Hall's objection to Judge Gargiulo's conclusion that she waived her conflict argument when she failed to cross-examine the VE at the hearing. Objection [16] at pgs. 6-7. Hall argues that "[c]ourts have recognized the inherent difficulty presented in cross-

5

examining the vocational witness as to all of the provisions of the DOT at the hearing." *Id*. at pg. 7. At the hearing, however, the ALJ asked, "Ms. Hall, do you have any questions you would like to ask [the VE] within the area of her expertise?" Administrative Record, pg. 73. In response, Hall answered, "No, sir, not at this time." *Id*.

Since Hall was given the opportunity to ask the VE questions following her testimony, she "should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000); *Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. 2008) (holding claimant waived conflict argument when "counsel had opportunity at the administrative hearing to cross-examine the VE . . . but opted not to do so"); *Haas v. Barnhart*, 91 F. App'x 942, 948 (5th Cir. 2004) (same); *Ruffin v. Colvin*, 2017 WL 536549, at *6 (S.D. Miss. Feb. 8, 2017) (collecting cases holding same). Accordingly, the Court agrees with the Report and Recommendation that Hall waived her conflict argument by failing to raise it at the administrative hearing. Hall's objection to Judge Gargiulo's finding on this issue is therefore overruled.

### III. CONCLUSION

Upon due consideration of all of the facts and evidence presented, the Court finds that Hall's Objections [16] to the Report and Recommendation are OVERRULED; the Report and Recommendation [15] entered by United States Magistrate Judge John C. Gargiulo on January 5, 2021 is ADOPTED as the opinion of the Court; Hall's Motion for Summary Judgment [1] is

DENIED; the Motion to Affirm [11] Commissioner's Decision is GRANTED; and this CASE is DISMISSED with PREJUDICE.

    A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

    **THIS, THE 3rd DAY OF MARCH, 2021.**

                                          TAYLOR B. McNEEL
                                          UNITED STATES DISTRICT JUDGE